# Alexander Kerr, for the use of James Taylor and James Lyle, trustees for the creditors of Kerr and Hawthorne *against* Thomas Hawthorne, John M. Nesbit and Jonathan Meredith.

On the dissolution of a partnership, one partner gives a bond to the other to pay off the company debts, and indemnify him, with surety; which is afterwards assigned to trustees for the use of the creditors.   Held on demurrer, that the bond may be well sued in the name of the partner for the use of the creditors.

Issues in fact must be tried by a jury previous to judgment.

DEBT on an obligation, in the penalty of 250,000 dollars dated 1st April 1797, with a special condition as follows : Whereas the said Thomas Hawthorne and Alexander Kerr have mutually agreed to dissolve and discontinue the co-partnership heretofore subsisting between them, and have agreed that the said Thomas Hawthorne shall take to himself all the goods,

[Kerr *v.* Hawthorne et al.]

merchandizes, stock in trade and outstanding debts due to them, and shall assume the entire payment of all the debts and engagements due by their said co-partnership, the whole of which are to be paid as within specified. Now the condition of this obligation is such, that if the above bounden Thomas Hawthorne, shall and do well and faithfully comply in all things, with the agreement herein before recited, and shall and do well and truly pay and discharge all and every the debts and engagements due by the said co-partnership, within the periods within recited, and if he, the said Thomas Hawthorne, his heirs, executors and administrators, shall and do at all times hereafter save, keep harmless and indemnify him, the said Alexander Kerr, his heirs, executors and administrators, and his and their goods and chattels, lands and tenements, of and from the said debts and engagements, or any part thereof, and of and from all costs, suits, trouble and loss, and damages for and on account of non payment thereof, then the above obligation shall be void, otherwise remain in full force and virtue.

Articles of agreement, bearing even date with the said obligation, were executed by Hawthorne and Kerr, whereby they agreed to dissolve their co-partnership, Hawthorne to take all the stock in trade, and outstanding debts into his own hands, and pay all the partnership debts in 12 months, except for the merchandize received during that spring, to pay Kerr 9,000 dollars, for his share of the partnership, and to indemnify him with sufficient sureties, &c.

*On the 7th March 1800, Kerr in consideration of 5s. [*171 assigned such part of the obligation, as would satisfy a debt, due from the co-partnership, to Anne Lang and William Hawthorne.

And on the same day he assigned to James Taylor and James Lyle, for the use of the creditors of Kerr and Hawthorne, the residue of the bond, after paying the demand of Lang and Hawthorne.

Nesbit, one of the obligors, died after the commencement of the suit. Hawthorne became bankrupt, and obtained his certificate of discharge. The declaration was filed in the common form, against all the obligors, in the name of Kerr, for the use of Taylor and Lyle, the trustees, &c.

And the said Jonathan Meredith also prays oyer of the said assignment, which is read to him in these words, (*prout* assignment from Kerr to Taylor and Lyle, dated 7th March 1800,) &c.

Which being read and heard, the said Jonathan, by Moses Levy, his attorney, comes and defends the force and injury, when &c., and saith that the said James Taylor and James Lyle, to whose use as trustees for the creditors of Alexander Kerr and Thomas Hawthorne, this writ hath been commenced and prosecuted in the name of the said Alexander, ought not to have or maintain their said action against him ; for that the

4 YEATES—11

said obligation in the declaration mentioned, and the assignment above set forth, are not sufficient in law to maintain the said James Taylor and James Lyle, to have the said action, to which the said Jonathan hath no necessity, nor is by the law of the land bound to answer. · Wherefore he prays judgment, and that the said James Taylor and James Lyle, may be precluded from having the same action.

And the said Jonathan by leave of the court here also for that purpose given, according to the form of the statute in such case made, also pleads that he hath done and performed all things ; the duties and engagements in the condition of the said obligation preferred and set forth, which on his part, ought to have been done and performed, and of this he puts himself upon the country, &c.

The plaintiff joined in demurrer, and replied to the plea, setting forth breaches, to which there was a rejoinder, and issues were joined.

The counsel in support of the demurrer, stated the question to be, whether the present suit can be supported for the use of the creditors. The court must say, whether the creditors have a remedy on this bond, and to what extent the relief will go. *172] *And in forming their judgment, they will confine themselves to the record.

It will not be said, that the obligation is assignable, with the special condition annexed, so that the assignees might support a suit in their own names. In England, the assignee of a bond takes it subject to every equity, and the principles on which chancery proceeds on such assignments, are correctly laid down in Gilb. *Lex Prætor.* 288, 290, 291. In this state the assignees of bonds, specialties, and notes, may sue at law in their own names, for the recovery of the money mentioned therein, or so much thereof as shall appear to be due at the time of the assignment, in like manner as the original obligee or payee might or could have done. Wheeler *v.* Hughes, 1 Dall. 23. M'Cullough *v.* Houston, Ib. 441.

The true intent of the bond must be taken into consideration ; it was given to indemnify Kerr on the dissolution of the partnership. Indemnity in its nature is merely personal. Some things are in themselves of so inseparable a nature, that they cannot be given over to another ; and several instances of this kind are mentioned in Englefield's case. 7 Co. 12. b. 13. a. The creditors are no parties to this instrument. No consideration moved from them, when the obligation was executed, and no good reason can be assigned why they should obtain any benefit by the contract. If the creditors had released either Kerr or Hawthorne, a suit could not be sustained on the bond ; nor could it be sued if Kerr had become bankrupt or had died insolvent. One who becomes liable for the debts of another, is no creditor until he has paid them ; nor until then can they be

[Kerr v. Hawthorne et al.]

proved under a commission of bankrupt. 7 T. R. 364, 612. Hawthorne has obtained his certificate as a bankrupt. As against a surety, a contract cannot be carried beyond the strict letter of it. 2 Term Rep. 370. But to convert a bond of indemnity into a security for the demands of third persons, would substantially change its very nature and design.

The plaintiffs' counsel insisted that the case was too plain for dispute. It is admitted that the bond containing a special condition is not negotiable. The suit could only be brought in the present mode.

The bond is payable to Kerr, his attorney, executors, administrators, or assigns, and is conditioned for the payment and discharge of the debts and engagements, due by the former copartnership, within limited periods. It is not a contract of a personal nature. It points out the mode of indemnity by payment of the debts, for which he was before firmly bound, jointly with his partner. Payment in this particular, therefore, is indemnity. Cro. El. 613. The demurrer admits a forfeiture of *the bond if the pleadings are correct, and that Kerr might sustain a suit on it for his own benefit. Every [*173 deed by which a man acknowledges himself indebted to another, is valid and binding on him. Dy. 21. a. As far as Kerr has paid the company debts, which Hawthorne was separately bound to pay, since the stock in trade came into his hands, he stands as a creditor. In fact, verdicts have passed against the company for debts which Hawthorne stipulated to discharge. Under the circumstances of this case, Kerr would not be permitted to discontinue the suit if he was so inclined. 1 Dall. 139. And it is contended, that even if he became bankrupt, or had died insolvent, an action might be maintained on the obligation for the use of the creditors. The surety is answerable for the payment of the company debts by express words; and considering this court as possessed either of common law or chancery powers, the bond affords a full and complete remedy.

BY THE COURT. The suit as brought appears to us to be within the plain words and intention of the bond.

Demurrer overruled.

A rule was afterwards obtained, to shew cause why judgment should not be entered in favour of the plaintiff, for the penalty of the bond, on which the suit is founded ; with liberty to take out execution for $2284 95 cents, with costs, being the amount for which a verdict and judgment have been obtained upon a trial on 3d September 1804, and the penalty to stand as a security for any other debts, within the terms and meaning of the said bond, and the agreement of counsel filed in this cause, on the 12th March 1804.

It afterwards came on for argument. In support of the rule, it was insisted, that every species of delay had been shewn in

this cause. A plea in abatement that a former suit was depending for the same ground of action, was filed in December term 1800. When that plea was opened in March term last, the court recommended that it should be withdrawn, and the action tried on its true merits. This was acquiesced in, and a special agreement signed, the general effect of which was that the debts due from the former co-partnership, which were the objects of the obligation, should be established by due process and adjudication. It was intended to facilitate the remedy of the creditors. The court have power to enforce it, and they must exercise that power, for the sake of justice.

The plaintiff in his replication has assigned as a breach the *non-payment of the company debts, due to Gregg and Co., and the defendant took issue thereon by his rejoinder. That debt has since been established in the suit brought against Kerr and Hawthorne on the 3d September last to the amount of $2284.95 cents : another action has been tried by Thomas Risdal and George Bowman against the company, on the 5th March instant, wherein there was also a recovery. What have we then to try ? The rejoinder admits the debt of Gregg and Co., to be within the bond of indemnity : it only can be ascertained by the record. By the rules of practice, an affidavit of defence must be filed to prevent judgment. The affidavit here filed, is of the most general·nature.

*174]

In debt for a penalty, for non-performance of covenants, judgment on a demurrer may be entered up for the penalty in like manner as before the stat. of 8 and 9 Will. 3. c. 11, but then it can only stand as a security for the damages sustained. Cowp. 357, 8, 9. In covenant, the breach may be assigned as large as the covenant ; but in debt for a penalty, a precise breach must be shewn, because a breach is a .forfeiture of the whole bond. 1 Ld. Raym. 167.

In debt for penalty, on articles of agreement, the plaintiff may assign as many breaches as he pleases, that the damages may be assessed by the jury on each breach ; but the plaintiff cannot take a verdict for the whole debt. 2 Wils. 377.

Pursuing the spirit of these cases, it has been adjudged, that the penalty of an agreement cannot be pleaded by way of set off. 2 Burr. 1024. Vid. 10. Wentwo. System of Pleading. Gen. Index, 68, tit. Judgment.

The defendant's counsel shewed cause. The defendant has complied with the rule of the court by filing an affidavit in the terms of the rule. The agreement of counsel was intended to advance the justice of the case, but not to give up any legal ground of defence, which Meredith may have. The names of Gregg and Co., or of Risdal and Bowman, do not occur in the obligation. It is one thing to establish a debt due to either of them from the co-partnership, but another thing, to reach the surety under all the circumstances of the case.

[Ingersoll v. Bradford.]

The court do not possess the power of entering a judgment, before the defendants' plea is tried in this suit. It concludes to the country, who only can constitutionally try it. It is an issue in fact. Where two pleas are entered, both must be tried before judgment can be given. 10 Vin. 67. pl. 7. The issues in fact must be tried. Ib. 9. pl. 2, 3, 4. In trespass, the jury found a verdict, as to part of the charge, of not guilty, but no verdict *as to the rest; the judgment was reversed. 3 Salk. 372. [*175 Two executors plead different pleas; a judgment was entered against both, on a verdict had on one plea only, and was held bad. 2 Stra. 1055.

By the Court. Whatever our ideas of the merits of the present case may individually be, we certainly are not authorised to enter judgment in the action for the plaintiff. Issues in fact are joined, which must, previous to any judgment we can give, be tried by a jury of the country.

Rule discharged.

Messrs. Ingersoll, Rawle and Dallas, *pro quer.*

Messrs. E. Tilghman, Lewis and M. Levy, *pro def.*

In Merrill *v.* Green, 55 N. Y. 270, it was held that where, upon the dissolution of a firm, one partner executes to another a bond with a surety conditioned for the payment by the partners executing it of all the firm debts, the liability of the obligor is to the obligee only, not to the creditors, and an action cannot be maintained thereon by a firm creditor to recover his indebtedness of the obligors.